FRED C. RURUP, APPELLEE, v. JOHN N. KILZER, APPELLANT.

FILED NOVEMBER 15, 1919. No. 20181.

Highways: DESTRUCTION OF HEDGE: INJUNCTION: EVIDENCE. Suit to enjoin a road overseer from cutting down and removing a hedge, claimed by the overseer to be an encroachment upon the public highway. Evidence examined, and *held* to support the decree of the trial court.

APPEAL from the district court for Seward county: EDWARD E. GOOD, JUDGE. *Affirmed.*

*Thomas, Vail & Stoner*, for appellant.

*R. R. Schick* and *McKillip & Barth*, contra.

MORRISSEY, C. J.

Defendant appeals from a decree of the district court for Seward county, enjoining him as road overseer from cutting down and removing a hedge on or near the north boundary line of a quarter section of land owned by plaintiff. The controlling question is

whether this hedge is an encroachment upon the public highway.

Many questions of law, based upon the record of the proceedings had in the opening of the road, are presented in the briefs; but, having reached the conclusion that the decree of the district court must be affirmed regardless of these questions, it is unnecessary to discuss or determine the questions of law presented. Plaintiff alleges that the hedge is along the line separating his land from the public highway, and that defendant threatens to cut it down and remove it. Defendant denies that the hedge is on the line, alleges that it is an encroachment on the public highway, and claims the right to remove it.

Proceedings to open the road were had in 1872, and from that time down to the present the public has continuously occupied and used a strip of ground along the north side of plaintiff's land as a highway. There is some dispute as to the time when the hedge was planted. The trial court found that it was planted in 1884 or 1885, while plaintiff appears to claim that there was a hedge planted at an earlier date. However that may be, the evidence supports the finding as to the planting of the hedge in question, and it fails to show that the public ever actually used the land on which the hedge stands. In this state of the record, the burden was on defendant to show that the hedge encroached upon the highway.

A survey was made at the instance of the road district by a young man who had taken some work in civil engineering at the University of Nebraska, but who had not completed the requirements for a degree. Prior to doing this work, he had had little, if any, experience as a practical engineer or surveyor. It would serve no useful purpose to set out his testimony at length. It has been reviewed by the court, and wholly fails to show the definite location of the true section line. It shows that he was unable to find the original

103 Neb.—54.

government monument at the northeast corner of plaintiff's land, but by means of the original field notes, and by a monument found approximately a mile to the south and another found approximately a mile to the north, he undertook to relocate the corners at plaintiff's land. If this location could be accepted as correct, perhaps we might say that plaintiff's hedge is an encroachment upon the highway; but in the course of his testimony the surveyor says that he is quite certain that the road was not originally laid along the line where by his survey he undertook to locate it, and that it is quite possible "that the original stone was north of the stone we located."

It is said in the brief of defendant that this indefinite statement does not show whether the variance is "a matter of inches or yards," and it is argued that, where the original monument cannot be found, it is rare that a surveyor can definitely and accurately locate the spot where it was placed by the original surveyor. This is undoubtedly true; but it is also true that the original location must be determined with a reasonable degree of certainty, especially in cases like this where a hedge has been planted and permitted to remain for more than thirty years, all parties appearing to regard it as standing upon the line of the highway.

The evidence fully supports the decree entered, and the judgment is

Affirmed.

Rose, J., not sitting.